**Marie-Ann Greenberg, MAG-1284**
**Marie-Ann Greenberg, Standing Trustee**
**30 TWO BRIDGES ROAD**
**SUITE 330**
**FAIRFIELD, NJ  07004-1550**
**973-227-2840**
**Chapter 13 Standing Trustee**

IN RE:

YOHAN MODESTO FLORES

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Case No.:  18-26692SLM**

**HEARING DATE:  10/31/2018 at 11:00 am**

### TRUSTEE'S OBJECTION TO MOTION TO REINSTATE CHAPTER 13 BANKRUPTCY

Marie-Ann Greenberg, the Chapter 13 Standing Trustee objects to the Motion to Reinstate in the instant matter.  The Bankruptcy Code does not contain a provision governing reinstatement of Title 11 cases. Instead, our Circuit and sister Circuits treat motions to reinstate as a request to vacate the order of dismissal. Thus, the rules and case law of F.R.C.P. 60 apply to the instant Motion.  *In re Lampman,* 494 B.R. 218, 222 (Bankr. M.D. Pa., 2013) (*citing numerous other cases*).  The party "who seeks such extraordinary relief from a final judgment bears a heavy burden." *Plisco v. Union R. Co.,* 379 F.2d 15, 17 (3d Cir. 1967).

> Rule 60(b) provides for five specific grounds and one catch-all provision for relief from a "final judgment, order or proceeding": (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  *In re Lampman,* 494 B.R. 218, 222-223 (Bankr. M.D. Pa., 2013).

- In reviewing counsel's certification none of the above grounds are specifically pleaded.  It can be argued that only Rule 60(b)(1) and (b)(6) can be implied to this specific matter.  In the case at hand a dismissal order was entered on September 13, 2018 when the debtor failed to docket the missing schedules pursuant to the Order to Show Cause at docket #5.  To date a Chapter 13 Plan and remaining missing schedules have not been filed with the Court or attached to this motion as an exhibit.  In order to reinstate a case the very reason for dismissal must be addressed and rectified, no such proffer has been made.  Without a Chapter 13 Plan and corresponding schedules the Trustee is unable to determine the overall feasibility or purpose of this case.

- It should also be noted that the debtor makes no reference to plan payments.  This case was filed on August 21, 2018 and therefore the first plan payment become due on September 1, 2018 pursuant to §1326(a)(1).  As of the return date of this motion two plan payments will be due and owed with a third payment due November 1, 2018.

- Finally, and most troubling, due to the debtor's inability to submit all missing documents and a Chapter 13 plan the Trustee has been unable to "call a meeting of creditors not more than 50 days after the order for relief" (see FRBP 2003(a)).  As the Trustee was unable to call a meeting within this designated timeline the case should remain dismissed.

It is for these reasons and any others the Court deems fit that the Motion to Reinstate should be denied.

Dated:  October 24, 2018

By:    /S/Marie-Ann Greenberg
        Marie-Ann Greenberg, Esquire
        Chapter 13 Standing Trustee